**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN·0 8 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS JAMES W. McCORMACK, CLERK
WESTERN DIVISION     By:_____
DEP CLERK

OSCAR THOMAS HORTON                                    PLAINTIFF

V.                     NO. 4·12 cv 349  KGB

METLIFE AUTO & HOME
INSURANCE AGENCY, INC. case assigned to District Judge Baker     DEFENDANT
and to Magistrate Judge_____Deere_____

## PETITION FOR REMOVAL

COMES NOW the Defendant, MetLife Auto & Home Insurance Agency, Inc.

(erroneously named herein), by and through its attorneys, Laser Law Firm, P.A., and,

for this Petition for Removal of this cause, would show the following:

1.     That, on or about May 7, 2012, an action was commenced in the Circuit

Court of Faulkner County, Arkansas, styled *Oscar Thomas Horton v. MetLife Auto &

Home Insurance Agency, Inc.* and was assigned docket number CV-2012-393.  A true

and correct copy of all process and pleadings filed with the Circuit Clerk of Faulkner

County is attached hereto as Exhibit A and incorporated herein by reference.

2.     That the above described action is a civil action, which may be removed

to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(a), in that it

is a civil action wherein the amount in controversy exceeds the sum of $75,000.00,

exclusive of interest and costs, and is between citizens and entities of different states.

Therefore, this action is one in which this Court would have diversity jurisdiction

pursuant to 28 U.S.C. §1332.

3.     That removal of this cause is timely since Defendant, MetLife Auto & Home Insurance Agency, Inc. (erroneously named herein), was served with process within thirty (30) days of this removal.

4.     That Plaintiff, Oscar Thomas Horton, is a resident of the State of Arkansas for diversity purposes.

5.     That Defendant, MetLife Auto & Home Insurance Agency, Inc. (erroneously named herein), is a Rhode Island corporation with its principal place of business in Warwick, Rhode Island, and is, thus, a resident of the State of Rhode Island for diversity purposes.

6.     That complete diversity exists in this cause.

7.     That prompt notice of this removal has been given to the Circuit Court of Faulkner County, Arkansas by the filing of a Notice of Removal, which is attached hereto as Exhibit B and incorporated herein by reference.

WHEREFORE, Defendant, MetLife Auto & Home Insurance Agency, Inc. (erroneously named herein), prays the above action now pending in the Circuit Court of Faulkner County, Arkansas, be removed therefrom to this Court and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201-2488
501-376-2981; Facsimile: 501-376-2417

By:
J. Cotten Cunningham, Ark. Bar No. 97238
ccunningham@laserlaw.com

-2-

## VERIFICATION BY J. COTTEN CUNNINGHAM

I, J. Cotten Cunningham, hereby state under oath that the statements set forth in the foregoing Petition are true and correct to the best of my knowledge, information, and belief.

_____
J. Cotten Cunningham

**STATE OF ARKANSAS**          )
                              ) ss.
**COUNTY OF** Lonoke            )

SUBSCRIBED AND SWORN to before me, the undersigned Notary Public, on this, the ___8th___ day of June, 2012.

_____
NOTARY PUBLIC
My Commission Expires: ___10-08-18___

KIMBERLEY DAVIS
LONOKE COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires October 08, 2018
Commission No. 12368111

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this, the 8th day of June, 2012, via regular mail, upon Plaintiff's counsel:

Chris H. Stewart, Esq.
Stewart Law Firm
904 Garland Street
Little Rock, Arkansas 72201

J. Cotten Cunningham

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
__ DIVISION

## 2nd DIVISION

**OSCAR THOMAS HORTON**

`FILED`

2012 MAY 7 AM 9 57

**PLAINTIFF**

VS.

CASE NO. 23CV-12-393

LINDA WHARTON, CLERK

BY _____ DC

**METLIFE AUTO & HOME
INSURANCE AGENCY, INC.**

**DEFENDANT**

## COMPLAINT

COMES NOW, Oscar Thomas Horton, by and through his attorney, the Stewart Law Firm, and for his Complaint against Direct National Insurance Company states as follows:

1.     The Plaintiff is a single man whose residency is in Faulkner County, Arkansas, living at 42 Kings Highway, Conway, Arkansas 72032.

2.     The Defendant is an insurance company doing business in Arkansas and contracting with Arkansas residents.   The Defendant's registered agent address is 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.   The Defendant's principle place of business is located at 700 Quaker Lane, Warwick, RI 02886.

3.     This Court has jurisdiction of the parties and subject matter herein, and venue is proper in Faulkner County.

## FACTS

4.     That at all times relevant to the facts of this Complaint the Plaintiff was a holder of an auto insurance policy purchased from the Defendant with policy number 999761373.

5.     The Plaintiff had insurance coverage for personal injury protection and uninsured motorist coverage.

6.     The Plaintiff had paid all premiums and had a valid contract with the Defendant

23CV-12-393          231-23100002677-009
OSCAR THOMAS HORTON V METLIF 5 Pages
FAULKNER CO       05/07/2012 09:57 AM
CIRCUIT COURT                      CC005

**EXHIBIT
A**

for insurance coverage.

7.      On March 17, 2010 the Plaintiff was driving his insured vehicle and was struck

from behind in a vehicle driven by a Mr. Daniel Justin Hines at no fault of his own.

8.      The Plaintiff was traveling southbound on Highway 365 in Faulkner County.  The

Plaintiff slowed and came to a stop due to traffic in front of him when Mr. Hines rear-ended the

Plaintiff's vehicle traveling at a high rate of speed.

9.      Mr. Hines did not have insurance.

10.     The Plaintiff's vehicle was totaled by the Defendant.

11.     The Plaintiff suffered bodily injuries and treated with physicians for various

symptoms associated with injuries caused to him by the auto accident.

12.     The Plaintiff suffered a sprained neck and injury to his right hip requiring a right

total hip arthroplasty.

13.     The Plaintiff submitted a claim to the Defendant for bodily injuries, medical

expenses, lost wages and future pain and suffering.

14.     As of May 3, 2012, the Defendant has not covered the Plaintiff's loss.

## BREACH OF CONTRACT

15.     Plaintiff restates and reasserts each and every allegation from the preceding

paragraphs.

16.     The Plaintiff's first cause of action is for breach of contract.

17.     That the Defendant has breached its contract with the Plaintiff not covering the

Plaintiff's loss associated with a legal and valid claim against policy number 999761373.

18.     At the time of the accident the Plaintiff had paid all premiums and had a valid

contract with the Defendant for insurance coverage.

19.     The Plaintiff has suffered damages.

## BAD FAITH

20.     Plaintiff restates and reasserts each and every allegation from the preceding paragraphs.

21.     The Defendants have not covered the Plaintiff loss in bad faith.

22.     That the Defendant's misconduct was dishonest, malicious, and oppressive without a good faith defense, to avoid liability on the claim resulting from the injuries suffered by the Plaintiff at no fault of his own.

23.     That the Defendant's actions constitute the tort of bad faith. *See generally* Cincinnati Life Ins. Co. v. Mickles, 148 S.W. 3d 768, 85 Ark. App. 188 (2004).  Under Arkansas law an insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured. *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 1999 Ark. LEXIS 308 (Ark., June 10, 1999, Opinion delivered ).

24.     The Defendant has affirmatively engaged in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured.   Therefore, the Defendants have committed bad faith and the Plaintiff has suffered damages.

25.     That the Plaintiff has been damaged by the actions proximately caused by the Defendant.

## DAMAGES

26.     Plaintiff restates and reasserts each and every allegation from the preceding paragraphs.

27.     That as a result of the Defendant's bad faith and breach of contract, the Plaintiff has sustained damages.

28.     That the Plaintiff is entitled to an additional twelve percent (12%) of his compensatory damages under A.C.A. § 23-79-208.

29.     That the Plaintiff is entitled to a reasonable attorney's fee under A.C.A. § 23-79-208.

30.     That the Defendant should be assessed punitive damages for their bad faith tort.

31.     That the Plaintiff is entitled to pre-judgment and post-judgment interest on his damages.

32.     The Plaintiff requests a jury trial.

WHEREFORE, Plaintiffs pray this Court award him damages for the claims of breach of contract and bad faith against the Defendant in the form of compensatory, special and punitive damages for his attorney's fees and costs in amounts of more than $75,000.00, and for all other just and equitable relief to which he may be entitled.

RESPECTFULLY SUBMITTED

Chris H. Stewart (AR Bar No. 03-222)
Attorney for Plaintiff
STEWART LAW FIRM
904 Garland Street
Little Rock, AR 72201
(501) 353-1364
(501) 353-1263 (fax)

# STEWART LAW FIRM

904 Garland Street • Little Rock, AR 72201
www.arbusinesslaw.com

Chris H. Stewart

Phone: 501.353.1364
Fax: 501.353.1263

FILED

2012 MAY 7 AM 9 56

May 3, 2012

RHONDA WHARTON, CLERK

BY _____ DC

Faulkner County Circuit Court
Circuit Clerk
P.O. Box 9
Conway, AR 72033

**2nd DIVISION**

23CV-12 - 393

**Re:** *Oscar Thomas Horton vs. Metlife Auto & Home Insurance Agency, Inc.*

Dear Sir or Madam:

I hope this letter finds you well. Please find enclosed 5 copies of the Complaint in the above referenced matter, 3 copies of the summons, and a check in the amount of $165.00. Please file and send back file marked copies in the self addressed, stamped envelope also enclosed.

Thank you for your attention to this correspondence. Please do not hesitate to contact the office if you have any questions regarding this matter.

Sincerely,

Chris H. Stewart

CS:km
Encl.

## SUMMONS

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### CIVIL DIVISION   2nd DIVISION

**PLAINTIFF:**   **OSCAR THOMAS HORTON**

**vs.**   Case Number: CV- 393

**DEFENDANT:**   **METLIFE AUTO & HOME INSURANCE AGENCY, INC.**

PLAINTIFF'S ATTORNEY:   STEWART LAW FIRM
ADDRESS:   904 Garland Street
LITTLE ROCK, AR 72201

THE STATE OF ARKANSAS TO DEFENDANT: **METLIFE AUTO & HOME**
**INSURANCE AGENCY, INC.**
ADDRESS:   700 Quaker Lane, Warwick, RI 02886

### NOTICE

1.   You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2.   The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense.   Your pleading or answer must meet the following requirements:

   A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   B.   It must be filed in the Court Clerk's office within THIRTY (30) days from the day you were served with this Summons.

3.   If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4.   Additional notices:

WITNESS MY HAND AND SEAL OF THE COURT THIS 7 day of May, 2012.

*Rhonda Wharton*
*By M Wilson* CLERK

23CV-12-393      231-23100002677-010
OSCAR THOMAS HORTON V METLIFE 1 Page
FAULKNER CO      05/07/2012 09:57 AM
CIRCUIT COURT                    SS50

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
SECOND DIVISION

OSCAR THOMAS HORTON                                              PLAINTIFF

V.                                      NO. CV-2012-393

METLIFE AUTO & HOME
INSURANCE AGENCY, INC.                                          DEFENDANT

## ANSWER

COMES NOW the Defendant, MetLife Auto & Home Insurance Agency, Inc. (erroneously named herein), by and through its attorneys, Laser Law Firm, P.A., and, for its Answer to the Complaint of the Plaintiff, Oscar Thomas Horton, states:

1.      That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same;

2.      That Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint;

3.      That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same;

## FACTS

4.      That Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint;

5.     That Defendant admits the allegations contained within Paragraph 5 of Plaintiff's Complaint;

6.     That Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint;

7.     That, in response to Paragraph 7 of Plaintiff's Complaint, Defendant admits Plaintiff was involved in a motor vehicle accident with Daniel Justin Hines on March 17, 2010, in which the vehicle being driven by Mr. Hines rear-ended that of the Plaintiff; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 7 of Plaintiff's Complaint and, therefore, denies same;

8.     That, in response to Paragraph 8 of Plaintiff's Complaint, Defendant admits Plaintiff was traveling on Highway 365 in Faulkner County, Arkansas, when the motor vehicle accident with Mr. Hines occurred; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 8 of Plaintiff's Complaint and, therefore, denies same;

9.     That Defendant admits the allegations contained within Paragraph 9 of Plaintiff's Complaint;

10.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 10 of Plaintiff's Complaint and, therefore, denies same;

11.     That Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint;

12.     That Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint;

13.     That Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof;

14.     That Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint;

<u>BREACH OF CONTRACT</u>

15.     That, in response to Paragraph 15 of Plaintiff's Complaint, Defendant readopts and reaffirms its responses to Paragraphs 1 through 14 of Plaintiff's Complaint;

16.     That Paragraph 16 of Plaintiff's Complaint contains no allegations directed toward Defendant and, therefore, requires no response; that, to the extent the allegations contained within Paragraph 16 of Plaintiff's Complaint may be deemed as being directed toward Defendant, those allegations are denied;

17.     That Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint;

18.     That Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint;

19.     That Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint;

## BAD FAITH

20.     That, in response to Paragraph 20 of Plaintiff's Complaint, Defendant readopts and reaffirms its responses to Paragraphs 1 through 19 of Plaintiff's Complaint;

21.     That Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint;

22.     That Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint;

23.     That Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint;

24.     That Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint;

25.     That Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint;

## DAMAGES

26.     That, in response to Paragraph 26 of Plaintiff's Complaint, Defendant readopts and reaffirms its responses to Paragraphs 1 through 25 of Plaintiff's Complaint;

27.     That Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint;

28.     That Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint;

29.     That Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint;

30.     That Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint;

31.     That Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint;

32.     That Defendant concurs with Plaintiff and respectfully requests a trial by jury on all issues of fact arising herein;

33.     That Defendant denies Plaintiff is entitled to the damages sought in the prayer for relief;

34.     That Defendant denies all other allegations contained within Plaintiff's Complaint not, specifically, admitted herein;

<u>AFFIRMATIVE DEFENSES</u>

35.     That, pleading affirmatively, Plaintiff's Complaint should be dismissed pursuant to Ark. R. Civ. P. Rule 12(b)(6) for failure to state facts upon which relief can be granted;

36.     That, pleading affirmatively, Plaintiff's Complaint should be dismissed pursuant to Ark. R. Civ. P. Rules 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process, respectively;

37.     That, pleading affirmatively, Plaintiff's Complaint should be dismissed pursuant to Ark. R. Civ. P. Rules 12(b)(1), (2), and (3) for lack of jurisdiction and improper venue;

38.     That, pleading affirmatively, Defendant pleads and claims any and all benefits, as applicable, derived from Act 649 of the Acts of Arkansas, which became effective March 25, 2003;

39.     That, pleading affirmatively, Defendant pleads any and all defenses which may be applicable pursuant to Ark. R. Civ. P. Rule 8(c), including, but not limited to, comparative fault, estoppel, failure of consideration, laches, payment, release, set-off, statute of limitations, and waiver;

40.     That, pleading affirmatively, Defendant states Plaintiff is not entitled to an award of punitive damages and such an award is in violation of the Due Process Clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the Arkansas Constitution in that:

(a) said damages are intended to punish and deter defendants, and, thus, this proceeding is essentially criminal in nature;

(b) in assessing such penalty or exemplary award, plaintiff need only prove the theory of gross negligence on a preponderance of the evidence standard and not a "beyond a reasonable doubt," as should be required in assessing a punishment award;

(c) such awards are unduly vague and do not meet the requirements of due process in that punitive and exemplary damages are not based on a clearly defined statutory enactment setting forth specific requirements; and

(d) defendants are subjected to all the hazards and risks of what amounts to a fine; and, in fact, such awards often exceed nominal criminal fines,

but defendants receive none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

42.     That, pursuant to Ark. Code Ann. §16-55-211, and, in the event the fact finder first determines Plaintiff is entitled to punitive damages, Defendant requests a bifurcated proceeding so the fact finder may then determine whether and in what amount punitive damages will be awarded;

WHEREFORE, Defendant, MetLife Auto & Home Insurance Agency, Inc. (erroneously named herein), prays the Complaint of Plaintiff, Oscar Thomas Horton, be dismissed; for a trial by jury on all issues of fact arising herein; for its attorneys' fees and costs expended herein; and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201-2488
501-376-2981; Facsimile: 501-376-2417

By: _____
J. Cotten Cunningham, Ark. Bar No. 97238
ccunningham@laserlaw.com

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this, the 8th day of June, 2012, via regular mail upon Plaintiff's counsel:

Chris H. Stewart, Esq.
Stewart Law Firm
904 Garland Street
Little Rock, Arkansas 72201

J. Cotten Cunningham

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
SECOND DIVISION

OSCAR THOMAS HORTON                                                PLAINTIFF

V.                              NO. CV-2012-393

METLIFE AUTO & HOME
INSURANCE AGENCY, INC.                                            DEFENDANT

### NOTICE OF REMOVAL

COMES NOW the Defendant, MetLife Auto & Home Insurance Agency, Inc.

(erroneously named herein), by and through its attorneys, Laser Law Firm, P.A., and,

for its Notice of Removal state:

1.      That, on this date, a Petition for Removal of this cause from this Court to

the United States District Court for the Eastern District of Arkansas, Western Division,

has been filed.  A copy of the Petition is attached hereto.

Respectfully submitted,

LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201-2488
501-376-2981; Facsimile: 501-376-2417

By:_____
J. Cotten Cunningham, Ark. Bar No. 97258
ccunningham@laserlaw.com

EXHIBIT

B

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this, the 8th day of June, 2012, via regular mail upon Plaintiff's counsel:

Chris H. Stewart, Esq.
Stewart Law Firm
904 Garland Street
Little Rock, Arkansas 72201

J. Cotten Cunningham

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


OSCAR THOMAS HORTON                                                    PLAINTIFF


V.                              NO. _____


METLIFE AUTO & HOME
INSURANCE AGENCY, INC.                                                 DEFENDANT

### PETITION FOR REMOVAL

COMES NOW the Defendant, MetLife Auto & Home Insurance Agency, Inc.

(erroneously named herein), by and through its attorneys, Laser Law Firm, P.A., and,

for this Petition for Removal of this cause, would show the following:

1.     That, on or about May 7, 2012, an action was commenced in the Circuit

Court of Faulkner County, Arkansas, styled *Oscar Thomas Horton v. MetLife Auto &*

*Home Insurance Agency, Inc.* and was assigned docket number CV-2012-393.  A true

and correct copy of all process and pleadings filed with the Circuit Clerk of Faulkner

County is attached hereto as Exhibit A and incorporated herein by reference.

2.     That the above described action is a civil action, which may be removed

to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(a), in that it

is a civil action wherein the amount in controversy exceeds the sum of $75,000.00,

exclusive of interest and costs, and is between citizens and entities of different states.

Therefore, this action is one in which this Court would have diversity jurisdiction

pursuant to 28 U.S.C. §1332.

3.     That removal of this cause is timely since Defendant, MetLife Auto & Home Insurance Agency, Inc. (erroneously named herein), was served with process within thirty (30) days of this removal.

4.     That Plaintiff, Oscar Thomas Horton, is a resident of the State of Arkansas for diversity purposes.

5.     That Defendant, MetLife Auto & Home Insurance Agency, Inc. (erroneously named herein), is a Rhode Island corporation with its principal place of business in Warwick, Rhode Island, and is, thus, a resident of the State of Rhode Island for diversity purposes.

6.     That complete diversity exists in this cause.

7.     That prompt notice of this removal has been given to the Circuit Court of Faulkner County, Arkansas by the filing of a Notice of Removal, which is attached hereto as Exhibit B and incorporated herein by reference.

WHEREFORE, Defendant, MetLife Auto & Home Insurance Agency, Inc. (erroneously named herein), prays the above action now pending in the Circuit Court of Faulkner County, Arkansas, be removed therefrom to this Court and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201-2488
501-376-2981; Facsimile: 501-376-2417

By: _____
J. Cotten Cunningham, Ark. Bar No. 97238
ccunningham@laserlaw.com

-2-

## VERIFICATION BY J. COTTEN CUNNINGHAM

I, J. Cotten Cunningham, hereby state under oath that the statements set forth in the foregoing Petition are true and correct to the best of my knowledge, information, and belief.

_____
J. Cotten Cunningham

STATE OF ARKANSAS                    )
                                                      ) ss.
COUNTY OF __Lonoke__          )

SUBSCRIBED AND SWORN to before me, the undersigned Notary Public, on this, the ___8th___ day of June, 2012.

_____
NOTARY PUBLIC
My Commission Expires:   10-08-18

KIMBERLEY DAVIS
LONOKE COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires October 08, 2018
Commission No. 12368111

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this, the 8th day of June, 2012, via regular mail, upon Plaintiff's counsel:

Chris H. Stewart, Esq.
Stewart Law Firm
904 Garland Street
Little Rock, Arkansas 72201

J. Cotten Cunningham