IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
___ DIVISION

2nd DIVISION

OSCAR THOMAS HORTON ............................................................ PLAINTIFF

VS.     CASE NO. 23CV-12-393

METLIFE AUTO & HOME
INSURANCE AGENCY, INC. ........................................................ DEFENDANT

## COMPLAINT

COMES NOW, Oscar Thomas Horton, by and through his attorney, the Stewart Law Firm, and for his Complaint against Direct National Insurance Company states as follows:

1. The Plaintiff is a single man whose residency is in Faulkner County, Arkansas, living at 42 Kings Highway, Conway, Arkansas 72032.

2. The Defendant is an insurance company doing business in Arkansas and contracting with Arkansas residents. The Defendant's registered agent address is 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201. The Defendant's principle place of business is located at 700 Quaker Lane, Warwick, RI 02886.

3. This Court has jurisdiction of the parties and subject matter herein, and venue is proper in Faulkner County.

## FACTS

4. That at all times relevant to the facts of this Complaint the Plaintiff was a holder of an auto insurance policy purchased from the Defendant with policy number 999761373.

5. The Plaintiff had insurance coverage for personal injury protection and uninsured motorist coverage.

6. The Plaintiff had paid all premiums and had a valid contract with the Defendant

**EXHIBIT A**

for insurance coverage.

7. On March 17, 2010 the Plaintiff was driving his insured vehicle and was struck from behind in a vehicle driven by a Mr. Daniel Justin Hines at no fault of his own.

8. The Plaintiff was traveling southbound on Highway 365 in Faulkner County. The Plaintiff slowed and came to a stop due to traffic in front of him when Mr. Hines rear-ended the Plaintiff's vehicle traveling at a high rate of speed.

9. Mr. Hines did not have insurance.

10. The Plaintiff's vehicle was totaled by the Defendant.

11. The Plaintiff suffered bodily injuries and treated with physicians for various symptoms associated with injuries caused to him by the auto accident.

12. The Plaintiff suffered a sprained neck and injury to his right hip requiring a right total hip arthroplasty.

13. The Plaintiff submitted a claim to the Defendant for bodily injuries, medical expenses, lost wages and future pain and suffering.

14. As of May 3, 2012, the Defendant has not covered the Plaintiff's loss.

## BREACH OF CONTRACT

15. Plaintiff restates and reasserts each and every allegation from the preceding paragraphs.

16. The Plaintiff's first cause of action is for breach of contract.

17. That the Defendant has breached its contract with the Plaintiff not covering the Plaintiff's loss associated with a legal and valid claim against policy number 999761373.

18. At the time of the accident the Plaintiff had paid all premiums and had a valid contract with the Defendant for insurance coverage.

19. The Plaintiff has suffered damages.

## BAD FAITH

20. Plaintiff restates and reasserts each and every allegation from the preceding paragraphs.

21. The Defendants have not covered the Plaintiff loss in bad faith.

22. That the Defendant's misconduct was dishonest, malicious, and oppressive without a good faith defense, to avoid liability on the claim resulting from the injuries suffered by the Plaintiff at no fault of his own.

23. That the Defendant's actions constitute the tort of bad faith. *See generally* Cincinnati Life Ins. Co. v. Mickles, 148 S.W. 3d 768, 85 Ark. App. 188 (2004). Under Arkansas law an insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured. *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 1999 Ark. LEXIS 308 (Ark., June 10, 1999, Opinion delivered ).

24. The Defendant has affirmatively engaged in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured. Therefore, the Defendants have committed bad faith and the Plaintiff has suffered damages.

25. That the Plaintiff has been damaged by the actions proximately caused by the Defendant.

## DAMAGES

26. Plaintiff restates and reasserts each and every allegation from the preceding paragraphs.

27. That as a result of the Defendant's bad faith and breach of contract, the Plaintiff has sustained damages.

28. That the Plaintiff is entitled to an additional twelve percent (12%) of his compensatory damages under A.C.A. § 23-79-208.

29. That the Plaintiff is entitled to a reasonable attorney's fee under A.C.A. § 23-79-208.

30. That the Defendant should be assessed punitive damages for their bad faith tort.

31. That the Plaintiff is entitled to pre-judgment and post-judgment interest on his damages.

32. The Plaintiff requests a jury trial.

WHEREFORE, Plaintiffs pray this Court award him damages for the claims of breach of contract and bad faith against the Defendant in the form of compensatory, special and punitive damages for his attorney's fees and costs in amounts of more than $75,000.00, and for all other just and equitable relief to which he may be entitled.

RESPECTFULLY SUBMITTED

_____
Chris H. Stewart (AR Bar No. 03-222)
Attorney for Plaintiff
STEWART LAW FIRM
904 Garland Street
Little Rock, AR 72201
(501) 353-1364
(501) 353-1263 (fax)